1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL AGUILAR, an individual; and MARIA DOLORES HERNANDEZ, an individual,<br><br>                              Plaintiffs,<br><br>     vs.<br><br><br>CABRILLO MORTGAGE; GMAC MORTGAGE; SBMC MORTGAGE; ETS SERVICES, LLC; and SELECT PORTFOLIO SERVICING, INC.,<br><br>                              Defendants. | CASE NO. 09-CV-1799 - IEG (AJB)<br><br>ORDER:<br><br>(1) GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; and<br><br>(2) GRANTING SELECT PORTFOLIO SERVICING INC.'S MOTION TO DISMISS.<br><br>[Doc. Nos. 7, 8] |

      Currently before the Court are Defendant Select Portfolio Servicing Inc.'s ("SPS") Motion to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Plaintiffs' Motion for Leave to File a Second Amended Complaint. [Doc. Nos. 7, 8]. Having considered the parties' arguments, and for the reasons set forth below, the Court **GRANTS** the motion for leave to file a second amended complaint and also **GRANTS** the motion to dismiss.

## BACKGROUND

### I.      Factual background

      Plaintiffs Ismael Aguilar and Maria Dolores Hernandez were the owners of a single family residence located at 1202 Lagan Avenue, Vista, CA 92083 ("Property"). On August 17, 2006,

1    Plaintiffs executed a promissory note in the amount of $368,000.00 in favor of Defendant SBMC

2    Mortgage that was secured by a Deed of Trust ("First Deed of Trust").[1] (Def. RJN, Ex. 1.) The First

3    Deed of Trust was recorded on August 22, 2006. (Id.) On August 17, 2006, Plaintiffs also executed

4    a second promissory note in the amount of $46,100.00 in favor of Defendant SBMC Mortgage that

5    was secured by a Deed of Trust ("Secondary Lien"). (Id., Ex. 2.) The Secondary Lien was similarly

6    recorded on August 22, 2006. (Id.)

7            On April 21, 2009, Mortgage Electronic Registration Systems, Inc. ("MERS")–acting as the

8    original beneficiary under the First Deed of Trust–executed a Substitution of Trustee, substituting

9    Defendant Executive Trustee Services, LLC ("ETS Services") as a trustee under the First Deed of

10   Trust. (Id., Ex. 3.) The Substitution of Trustee was recorded on April 23, 2009. (Id.) On April 23,

11   2009, Defendant ETS Services recorded a Notice of Default on the Property. (Id., Ex. 4.) On July 24,

12   2009, ETS Services recorded a Notice of Trustee's Sale of the Property in the amount of $425,563.58,

13   setting August 20, 2009 as the date of the sale. (Id., Ex. 5.) The Property was subsequently sold at the

14   scheduled trustee's sale, and a Trustee's Deed upon Sale was recorded on September 1, 2009, listing

15   Lighthouse Homes, LLC as the purchaser. (Id., Ex. 6.)

16   **II.      Procedural history**

17           Plaintiffs commenced this action on August 19, 2009, alleging seventeen causes of action.

18   [Doc. No. 1]. After Defendant SPS filed a motion to dismiss, Plaintiffs filed an amended complaint

19   alleging eight causes of action. [Doc. No. 5]. In light of the amended complaint, the Court denied as

20   moot SPS's motion to dismiss. [Doc. No. 6]. Defendant SPS then filed the current motion to dismiss.

21   [Doc. No. 7]. On January 15, 2009, Plaintiffs filed their "opposition" to the motion to dismiss in the

22   form of a Motion for Leave to File a Second Amended Complaint. [Doc. No. 8]. SPS then filed a

23   "reply" in the form of an opposition to the Plaintiffs' motion. [Doc. No. 9].

24                                              **LEGAL STANDARD**

25   **I.       Motion to amend**

26           Fed. R. Civ. P. 15(a) allows a party to amend its pleading with leave of court after the period

27

28   _____

         [1] Plaintiffs allege that Defendant SBMC Mortgage was only the "funding lender," and that
     Defendant GMAC Mortgage was the "true undisclosed lender." (See FAC ¶ 10.)

for amendment as a matter of course has expired. See FED. R. CIV. P. 15(a)(2). Pursuant to Rule 15(a), "[t]he court should freely give leave when justice so requires." Id. The Ninth Circuit has construed this broadly, requiring that leave to amend be granted with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted); Poling v. Morgan, 829 F.2d 882, 886 (9th Cir. 1987) (noting "the strong policy permitting amendment" (citation omitted)). This broad discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citing Conley v. Gibson, 355 U.S. 41, 47-48 (1957)).

The Supreme Court has articulated five factors that the court should consider in deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended its pleadings. Forman v. Davis, 371 U.S. 178, 182 (1962); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). Not all factors merit equal weight, however. Eminence Capital, 316 F.3d at 1052. "Prejudice is the 'touchstone of the inquiry under rule 15(a)'" and "carries the greatest weight." Id. (citations omitted). Nevertheless, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

**II.     Motion to dismiss**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court may dismiss a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." SmileCare Dental Group v. Delta Dental Plan of Cal., 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009) (citation omitted).

Despite the deference, the court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State

1  Council of Carpenters, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded

2  factual allegations, a court should assume their veracity and then determine whether they plausibly

3  give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

4  **DISCUSSION**

5  Plaintiffs' First Amended Complaint ("FAC") alleges eight causes of action against all five

6  Defendants without differentiating between the different Defendants.[2] According to SPS, this by itself

7  is sufficient to dismiss the FAC for lack of particularity. SPS also argues that all of the causes of

8  action should be dismissed because SPS played no role in the origination and/or servicing of the first

9  loan and is merely a servicer of the second lien.[3] (Def. MTD, at 4-5.) Finally, SPS moves to dismiss

10  the FAC because it was filed in bad faith because the original complaint was identical to many others

11  filed by Plaintiffs' counsel, Kent C. Wilson. (See id. at 4; see also Def. RJN, Exs. 7, 8, 9.)

12  In the motion to amend, Plaintiffs indicate they wish to: (1) amend the first, second, third, fifth,

13  sixth, and seventh causes of action to make them more specific and to clarify that they are not being

14  asserted against SPS; (2) amend the fourth cause of action to be more specific about the allegations

15  against SPS; and (3) delete the eighth cause of action as to all Defendants. (Pl. Opp., at 1-2.)

16  **I.     Motion to amend**

17  Although Plaintiffs fail to attach a proposed amended complaint to their motion, they

18  adequately describe the proposed amendments and/or revisions to the FAC. (See id.) Plaintiffs argue

19  that leave to amend should be given in this case because there is no showing of any undue prejudice

20  to Defendant SPS. On the contrary, Plaintiffs allege the proposed amendments resolve many of the

21  issues that SPS raised in its Motion to Dismiss. SPS, nonetheless, opposes the motion to amend on the

22  ground that it is merely a dilatory tactic intended to cause undue delay and prejudice to SPS.

23  However, SPS cannot point to any substantial prejudice from allowing Plaintiffs to amend their

24  complaint to narrow the claims asserted against SPS. In considering the potential prejudice of the

25  amendment, the Court considers whether the amended complaint would "greatly change the parties'

26
27  [2] Notably, only the eighth cause of action for violation of Cal. Civ. Code § 2923.6 specifically mentions Defendant SPS. (See FAC ¶¶ 64-68.)

28  [3] Plaintiffs' FAC, however, alleges that SPS is or was an assignee and successor of Defendant SBMC Mortgage, and is the current servicer of the loan. (See FAC ¶ 6.)

positions in the action, and require the assertion of new defenses." <u>See</u> <u>Phoenix Solutions, Inc. v. Sony Elec., Inc.</u>, 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009) (citing <u>Morongo Band of Mission Indians</u>, 893 F.2d at 1079). Notably, "where a defendant is on notice of the facts contained in an amendment to a complaint, there is no serious prejudice to defendant in allowing the amendment." <u>Sierra Club v. Union Oil Co. of Cal.</u>, 813 F.2d 1480, 1493 (9th Cir. 1987), <u>vacated on other grounds by</u> 485 U.S. 931 (1988). In the present case, the proposed revisions to the complaint would not add any new claims against SPS and would not require assertion of any new defenses. (See Pl. Opp., at 1-2.) On the contrary, as far as SPS is concerned, Plaintiffs propose to amend their complaint in such a way that would eliminate all but the fourth cause of action against SPS. (See id.) Accordingly, it is unclear what prejudice SPS might suffer as a result.[4] In addition, because none of the other Defendants have appeared or filed a response in this case, there can be no prejudice as to them.

For the foregoing reasons, the Court **GRANTS** the motion to amend and **DIRECTS** that Plaintiffs file their second amended complaint **within 20 days** of the filing of this Order. The amended complaint should only make the revisions suggested in the Plaintiffs' motion, should be a complete document without reference to any prior pleading, and should not add any new causes of action and/or restate any of the first through third and fifth through eighth causes of action against Defendant SPS.

## II.    Motion to dismiss

Normally, having granted leave to amend, the Court would deny as moot the Motion to Dismiss because it is not geared to the complaint as amended. However, in the present case, the Court will proceed to review the proposed amended complaint on its merits in the interests of judicial economy.

In light of the leave to amend, the only remaining cause of action asserted against SPS in the proposed second amended complaint is the fourth cause of action for accounting. (See Pl. Opp., at 1-2.) In support of this cause of action, the FAC originally alleged that "[t]he amount of money due, if any, from Plaintiffs to Defendants is unknown to Plaintiffs and cannot be determined without an

---

[4] SPS argues that it will be prejudiced because it will have to file another motion to dismiss against the amended complaint. However, as noted below, the Court would have granted Plaintiffs leave to amend their fourth cause of action even if the Court would have denied their motion to amend. Accordingly, the decision to grant the motion to amend does not prejudice SPS in this respect.

accounting." (FAC ¶ 43.) SPS initially moved to dismiss this cause of action because Plaintiffs have failed to show either that there was a fiduciary relationship between them and SPS, or that the balance due is so complicated that an ordinary legal action demanding a fixed sum is impracticable.[5]

In their motion to amend, Plaintiffs clarify that their fourth cause of action is not based on any fiduciary duty, but rather on SPS's *legal* duty under the Real Estate Settlement Procedures Act ("RESPA") to respond to their Qualified Written Request ("QWR"). (See Pl. Opp, at 5.) According to Plaintiffs, they sent a QWR to SPS on August 11, 2009, requesting accounting of the amounts paid towards the mortgage and any amounts received by the owner of the second lien mortgage from any insurance policy that insured the mortgage. (Id.) Plaintiffs argue that if an insurance policy has already reimbursed the owner of the second lien for any financial losses due to the default, then Plaintiffs do not owe any money on the second lien. (Id.) According to Plaintiffs, these questions are sufficiently complex to require an accounting. (Id.) SPS responds by disputing that the letter sent by Plaintiffs qualifies as a QWR because it was merely "a twenty-three paged fishing expedition" and by alleging that in any event SPS properly and timely responded to the inquiry on September 14, 2009.

RESPA sets forth the procedures that a loan servicer must follow and certain actions that it must take upon receiving a QWR from a borrower. See 12 U.S.C. § 2605(e). Specifically, a "written response acknowledging receipt" of the request must be sent within 20 days, and an appropriate action with respect to the inquiry must be taken within 60 days, after the receipt of the request. See id. § 2605(e)(1)(A), (e)(2). The statute defines a "qualified written request" as:

> [A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--
>
>> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>>
>> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

Id. § 2605(e)(1)(B). "Servicer" is defined in the statute as, "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." Id. §

---

[5] Moreover, relying on Cal. Civ. Code § 2943, SPS contended there is no obligation to produce an accounting *after* a Notice of Trustee's Sale has been recorded.

1   2605(i)(2). "Servicing" is further defined as, "receiving any scheduled periodic payments from a

2   borrower pursuant to the terms of any loan, . . . and making the payments of principal and interest and

3   such other payments with respect to the amounts received from the borrower as may be required

4   pursuant to the terms of the loan." Id. § 2605(i)(3).

5          In this case, because Plaintiffs failed to provide a copy of the letter allegedly sent to SPS, the

6   Court cannot at this time determine whether it qualified as a QWR. Moreover, Plaintiffs failed to

7   allege *how exactly* SPS failed to respond to their QWR. Finally, apart from conclusory allegations,

8   there is nothing before the Court that it can rely upon in determining whether the matters at hand are

9   sufficiently complex to warrant an accounting. Accordingly, the Court **GRANTS** the motion to

10  dismiss and **DISMISSES WITH LEAVE TO AMEND** Plaintiffs' proposed fourth cause of action.

11                                         **CONCLUSION**

12         For the foregoing reasons, the Court **GRANTS** the motion to amend and **ORDERS** Plaintiffs

13  to file their second amended complaint **within 20 days** of the filing of this Order. The amended

14  complaint should only make the revisions suggested in the Plaintiffs' motion, should be a complete

15  document without reference to any prior pleading, and should not add any new causes of action and/or

16  restate any of the first through third and fifth through eighth causes of action against Defendant SPS.

17         Moreover, the Court also **GRANTS** the motion to dismiss and **DISMISSES WITH LEAVE**

18  **TO AMEND** the proposed fourth cause of action for accounting against Defendant SPS.

19         **IT IS SO ORDERED.**

20

21  **DATED: February 3, 2010**

22                                         **IRMA E. GONZALEZ, Chief Judge**

23                                         **United States District Court**

24

25

26

27

28