# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL AGUILAR, an individual; and MARIA DOLORES HERNANDEZ, an individual,<br><br>                                Plaintiffs,<br><br>  vs.<br><br>CABRILLO MORTGAGE; GMAC MORTGAGE; SBMC MORTGAGE; ETS SERVICES, LLC; and SELECT PORTFOLIO SERVICING, INC.,<br><br>                                Defendants. | CASE NO. 09-CV-1799 - IEG (AJB)<br><br>ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE<br><br>[Doc. No. 13] |

Currently before the Court is Defendant Select Portfolio Servicing Inc.'s ("SPS") Motion to Dismiss the seventh cause of action in Plaintiffs' Second Amended Complaint ("SAC"). Having considered the parties' arguments, and for the reasons set forth below, the Court GRANTS the motion to dismiss and DISMISSES WITH PREJUDICE the seventh cause of action against Defendant SPS.

## BACKGROUND

The factual and procedural backgrounds of this case have been fully set forth in this Court's previous order. See Aguilar v. Cabrillo Mortgage, No. 09-CV-1799-IEG (AJB), 2010 WL 476650, at *1 (S.D. Cal. Feb. 3, 2010). As is relevant to this motion, Plaintiffs were the owners of a single family residence located at 1202 Lagan Avenue, Vista, CA 92083 ("Property"). After Plaintiffs defaulted on their loans, the Property was sold at a foreclosure sale.

On August 19, 2009, Plaintiffs commenced this action against several Defendants, including Defendant SPS. Since then, SPS has filed three motions to dismiss. [See Doc. Nos. 4, 7, 13]. The Court denied the first motion as moot in light of Plaintiffs' First Amended Complaint ("FAC"). [See Doc. No. 6]. The Court granted the second motion on February 3, 2010, granting Plaintiffs leave to amend their only remaining cause of action against SPS. [Doc. No. 11]. On March 10, 2010, SPS filed the current motion to dismiss, seeking to dismiss the amended seventh cause of action in Plaintiffs' SAC. Plaintiff filed an opposition, and Defendant replied. The Court subsequently took the case under submission pursuant to Civil Local Rule 7.1(d)(1).

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544, 570 (2007). The court may dismiss a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." SmileCare Dental Group v. Delta Dental Plan of Cal., 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009) (citation omitted).

Despite the deference, the court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

**DISCUSSION**

Plaintiffs' seventh cause of action alleges that Defendant SPS violated the Real Estate Settlement Procedures Act ("RESPA") by failing to fully respond to Plaintiffs' Qualified Written Response ("QWR"), which was allegedly sent on or about August 11, 2009. Plaintiffs also allege that an accounting is necessary to determine if monies are owed to Plaintiffs by way of an off-set.

1  RESPA sets forth the procedures that a loan servicer must follow and certain actions that it
2  must take upon receiving a QWR from a borrower. See 12 U.S.C. § 2605(e). Specifically, a "written
3  response acknowledging receipt" of the request must be sent within 20 days, and an appropriate action
4  with respect to the inquiry must be taken within 60 days, after the receipt of the request. See id. §
5  2605(e)(1)(A), (e)(2). The statute defines a "qualified written request" as:

> [A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--
>
> > (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> >
> > (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

Id. § 2605(e)(1)(B).

In the present case, Plaintiffs' seventh cause of action fails because Plaintiffs have not alleged sufficient facts to show that the letter sent to SPS qualified as a QWR. In dismissing Plaintiffs' FAC, the Court indicated that "because Plaintiffs failed to provide a copy of the letter allegedly sent to SPS, the Court cannot at this time determine whether it qualifies as a QWR." (Feb. 3, 2010 Order, at 7 [Doc. No. 11].) Despite this, Plaintiffs failed once again to provide a copy of the alleged letter. Although Plaintiffs correctly argue that they have no affirmative duty to attach a copy of the letter to the SAC, they still must allege sufficient facts to demonstrate that the letter sent to SPS triggered the procedures set forth in 12 U.S.C. § 2605(e). See Twombly, 550 U.S. at 555 (noting that the allegations in the complaint must be sufficient "to raise a right to relief above the speculative level" and must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" (citations omitted)). In this case, Plaintiffs have failed to do that. Rather, Plaintiffs' seventh cause of action consists only of a generalized and boilerplate "summary" of what the letter allegedly demanded:

> On or about August 11, 2009, Plaintiffs, through counsel, sent a QWR via certified mail to SPS pursuant to 12 USCA § 2605 (e) and Regulation X in 24 CFR 3500. Such request, in summary, sought information on whether or not the loan was in lawful compliance with all federal and state laws regarding disclosure, the identity of all holders of the note secured by the deed of trust, the calculation of the principal and interest, information on the appointment of the trustee and all substitute trustees, documentation of all assignments, transfers or sale of the note, copies of all checks or other evidence of payments made by the Plaintiffs, all debits and credits to the Plaintiffs' accounts, documentation of all mortgage assignments, accounting of all attorney fees, costs and foreclosure fees, and all late charges assessed to the balance

1  of the loan, an accounting of all monies applied to suspended or forbearance accounts, an accounting of all impounds including taxes and insurance and the fees, charges and commissions paid to all servicers of the account.

(SAC ¶ 84.) In the absence of an actual letter, this conclusory recitation of generic demands does not "raise a right to relief above the speculative level." See Twombly, 550 U.S. at 555. Moreover, as SPS points out, the "summary" provided by Plaintiffs does not indicate that the alleged letter contained "a statement of the *reasons* for the belief of the borrower, to the extent applicable, that the account is in error" or that it provided "*sufficient detail* to the servicer regarding other information sought by the borrower" as required by RESPA. See 12 U.S.C. § 2605(e)(1)(B) (emphases added). Accordingly, Plaintiffs failed to allege sufficient facts to state a cause of action for a violation of RESPA.

Plaintiffs also fail to state a cause of action for accounting. To be entitled to an accounting, a plaintiff must demonstrate at least one of the following: a breach of fiduciary duty, fraud, or that the accounts are complicated and there is a dispute as to whether the money is owed. See, e.g., Union Bank v. Super. Ct., 31 Cal. App. 4th 573, 593-94 (1995) (citing cases). In this case, Plaintiffs appear to base their accounting claim on the complicated nature of the accounts themselves. However, "[n]o California decision holds that the existence of a complicated accounting relationship between parties by itself permits the maintenance of a lawsuit between them when no money is owed or property must be returned." Id. at 594. In the present case, while Plaintiffs allegedly owe Defendants a certain amount in arrears on the underlying mortgages, Defendants are not in default and Plaintiffs fail to adequately allege that any funds are owed *to them*. Accordingly, Plaintiffs failed to allege sufficient facts to state a cause of action for accounting.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' seventh cause of action against SPS fails to state a claim upon which relief can be granted. See Twombly, 550 U.S. at 570. Accordingly, because Plaintiffs already had several opportunities to amend this cause of action, the Court **GRANTS** the motion to dismiss and **DISMISSES WITH PREJUDICE** the seventh cause of action against Defendant SPS.

**IT IS SO ORDERED.**

DATED: May 11, 2010

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**